IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00606-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    WILLIAM T. MILES,

        Defendant.

## ORDER

THIS MATTER came on for hearing on the Defendant's Unopposed Motion to Extend Ends of Justice Exclusion for an additional 45 days and, Set Status Conference [ECF No. 15] , filed June 9, 2011.

By way of background, on January 10, 2011, I issued an order setting this case for trial on March 14, 2011. On that day, the Defendant filed an unopposed motion to continue the trial date [ECF No. 12]. That motion was granted and an additional 90 days were ordered excluded from speedy trial calculations. In the pending motion, the parties request that I again exclude time from speedy trial deadline. The Motion is Granted for the reasons stated below.

The parties agree that an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(7)(B)(i) is appropriate because counsel requires additional time in order to provide effective assistance to Defendant, as well as prevent a possible miscarriage of justice. Defendant has a complicated personal history that requires his counsel to attempt to gather medical and other social information. The fact that Defendant has no family makes the search for information more difficult.

Alternatively, the parties request an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The exercise of due diligence by defense counsel necessitates additional time for his research into factors in Defendant's background that may affect his response to the charge against him.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit held that:

> [t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004).

*United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).

The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.* at 1047-48.

The *Williams* Court went on to say that the Act

> permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984.

*Id.* at 1048-49 (internal citation omitted).

However, the Tenth Circuit has cautioned that "ends-of-justice continuances should

2

not be granted cavalierly." *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (quoting *United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at 1271.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the unopposed motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (B)(iv). Due to the difficulty defense counsel has been experiencing in doing sufficient research into Defendant's background, failure to grant the motion could deny the Defendant and his counsel the reasonable time necessary for effective preparation of his defense, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above, I find that the ends of justice served by an additional 60 day

extension of the speedy trial deadlines outweigh the best interest of the public and the Defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (B)(iv).

Based on the foregoing and for the reasons stated on the record, it is

ORDERED that the Unopposed Motion to Extend Ends of Justice Exclusion for an additional 45 days and, Set Status Conference [ECF No. 15] is **GRANTED IN PART.** The motion is granted to the extent that the parties request a further exclusion of time from the speedy trial computation. The motion is also granted to the extent that the parties request an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (B)(iv). In accordance therewith, it is

FURTHER ORDERED that a status report shall be filed on or before **Monday, August 1, 2011**. It is

FURTHER ORDERED that an additional **(60) sixty days** are excluded from the speedy trial deadlines.

Dated:  June 14, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge